# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 29,099**

**BRIAN MADSEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Rose Law Firm, P.C.
Timothy L. Rose
Ruidoso, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant entered a conditional plea, but reserved his right to appeal the denial of his motion to suppress evidence. We proposed to affirm in a calendar notice, and

Defendant has responded with a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm.

In the district court, Defendant asked for and was granted a thirty-day extension to file the notice of appeal, making the notice of appeal due on or before November 24, 2008. [RP 108, 115] A un-stamped copy of the notice of appeal was attached to the motion for extension filed in the district court. [RP 110] In our calendar notice, we proposed to construe the un-stamped copy of the notice of appeal as timely filed based on the fact that Defendant had certified that the notice of appeal was served on the State on November 14, 2008. Defendant has now provided us with a stamped copy of the notice of appeal showing that the notice of appeal was timely filed in the district court on November 17, 2008.

Defendant explains that, at the hearing on his suppression motion, he argued that the officer conducted an illegal pat-down search and, therefore, all evidence obtained as a result of the pat-down search should be suppressed. Defendant does not argue that the officer did not have a reason to ask for consent to search his vehicle. [MIO 3] Instead, Defendant contends that Defendant's voluntary consent to a search of his vehicle does not allow the officer to conduct an "involuntary search of his person." Defendant claims that, if the officer was concerned about weapons or his safety, he should have asked Defendant if a pat-down search could be conducted. If

2

Defendant refused to consent to a pat-down search, the officer could have proceeded to search the vehicle or could have allowed Defendant to leave. In our calendar notice, we referred to the officer's statement for the relevant facts. In his memorandum in opposition to our calendar notice, Defendant does not dispute the facts contained in the officer's statement.

On appeal of the denial of a motion to suppress, we review the district court's decision to determine whether the law was correctly applied to the facts. *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. In making that determination, we view the facts in the light most favorable to the prevailing party. *Id.* As discussed in our calendar notice, during an investigatory stop the scope of a search may be expanded if the officer "has reasonable and articulable suspicion that other criminal activity has been or may be afoot.'" *State v. Duran*, 2005-NMSC-034, ¶ 23, 138 N.M. 414, 120 P.3d 836 (internal quotation marks and citation omitted).

The stop in this case was made late at night, in a dimly lit, high-crime area. The officer observed one passenger attempt to exit the vehicle, another passenger moving around as if looking for or hiding something, and Defendant opening the driver's door when the officer approached. The officer smelled alcohol as he approached and noticed a six pack of unopened beer bottles in the vehicle. Defendant was unable to produce the vehicle registration or any proof of insurance. Defendant appeared very

nervous and was moving around and shaking. Due to the number of people in the vehicle, the behavior of the occupants, and Defendant's nervous behavior, the officer had Defendant exit the vehicle and stand away from the other occupants of the vehicle. Defendant was unable to stand still, appeared very nervous, and put his hands into his pockets more than once despite being asked by the officer to keep his hands out of his pockets. When the officer asked if there were any open containers of alcohol in the vehicle, Defendant responded, "no, no alcohol, weapons. No drugs, you can look if you want." [RP 8] The officer informed Defendant that he wanted to pat him down for weapons. [RP 8]

Based on Defendant's behavior and statements, the behavior of the other occupants of the vehicle, the location and time of the stop, and the smell of alcohol coming from the vehicle, we hold that it was reasonable for the officer to believe that a pat-down search was justified in order to ensure the safety of the officer. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 23, 134 N.M. 566, 81 P.3d 19.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

4

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**